

# NUMBER 13-21-00189-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

### IN RE REGIONAL POOL ALLIANCE,
### MATAGORDA COUNTY SELF INSURANCE POOL,
### AND WEST TEXAS RURAL COUNTIES ASSOCIATION

---

## On Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Benavides[1]

In this original proceeding, relators Regional Pool Alliance, Matagorda County Self

Insurance Pool, and West Texas Rural Counties Association contend that the trial court

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

erred by denying their motion to dismiss because relators are non-jural entities without the capacity to be sued.[2] We deny the petition for writ of mandamus.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real party in interest NorthStar Recovery Services, Inc., the reply, and the applicable law, is of the opinion that relators have not met their burden to obtain relief.[3] Accordingly, the petition is hereby denied.

---

[2] This original proceeding arises from trial court cause number A-20-0159-CV-A in the 36th Judicial District Court of Aransas County, Texas, the Honorable Starr Bauer presiding.

[3] In a parallel interlocutory appeal, under appellate cause number 13-21-00045-CV, relators raised the alternative argument that rather than non-jural entities without the capacity to be sued, they are instead governmental entities immune from suit. Relators concede in their petition here that the two remedies are mutually exclusive "because, if they lack capacity to be sued, [then] they do not qualify as 'governmental units' and would not be entitled to an interlocutory appeal under [§] 51.014(a)(8) [of the Texas Civil Practice and Remedies Code]." As explained in a separate memorandum opinion handed down on this same day, we agree with relators' position in the appeal that they are governmental entities entitled to immunity. *Reg'l*

GINA M. BENAVIDES
Justice

Delivered and filed on the
5th day of May, 2022.

---

*Pool All. v. NorthStar Recovery Servs., Inc.*, No. 13-21-00045-CV, 2022 WL _____, at * __, (Tex. App.—
Corpus Christi–Edinburg May 5, 2022, no pet. h.) (mem. op.).